J-S03022-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YANICK MERRIE JACKSON | : | |
| | : | |
| Appellant | : | No. 993 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 25, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-SA-0000055-2025

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                          **FILED: APRIL 24, 2026**

Yanick Merrie Jackson ("Jackson") appeals pro se from the judgment of sentence entered by the Schuylkill County Court of Common Pleas ("trial court") following her summary conviction of disorderly conduct.[1]  Because we find all the issues Jackson raises on appeal waived, we affirm.

The record reflects that on March 15, 2025, Brent Runge ("Runge") called police shortly after midnight with a noise complaint about excessively loud music coming from his neighbor's home.  Although the two homes are not connected, they are separated by only a few feet.  Runge claimed that the music was preventing him from sleeping and he felt the music shaking his house.  Officer Shawn Butler of the Butler Township Police Department

---

[1]  18 Pa.C.S. § 5503(a)(2).

responded to the call. Officer Butler stated that when he arrived at Jackson's residence, he could hear the bass of the music coming from her home. Officer Butler approached the home and knocked on the door several times before Jackson answered the door. Upon opening the door, Jackson immediately became confrontational and belligerent with Officer Butler. She screamed at him, demanded that he immediately leave her property, repeatedly called him numerous derogatory names, and threatened to "erase" him. ***See*** Commonwealth's Ex. 1 (bodycam footage) at 1:55-7:20. Officer Butler informed Jackson that she was going to receive a citation for disorderly conduct.

On May 1, 2025, following a summary trial, the magisterial district judge found Jackson guilty of disorderly conduct. Jackson appealed her summary conviction to the trial court. On June 25, 2025, the trial court held a hearing on Jackson's summary appeal, at the conclusion of which it found her guilty of disorderly conduct and sentenced her to pay a fine of $300.00 and costs.

Jackson timely appealed to this Court. On August 11, 2025, the trial court ordered Jackson to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). To date, Jackson has not filed a Rule 1925(b) statement.

On appeal, Jackson raises a challenge to the sufficiency of the evidence to sustain her disorderly conduct conviction, a violation of her Fourth Amendment rights because Officer Butler came onto her property without a

warrant, a violation of her First Amendment rights, and an allegation that the police misused or altered the bodycam footage. **See** Jackson's Brief at 2 (unnumbered). Again, however, none of these issues were included in a Rule 1925(b) statement despite the trial court having ordered her to do so.

Where a court orders an appellant to file a Rule 1925(b) statement, the appellant must file a statement that concisely identifies each error that the appellant intends to assert in the timeframe ordered by the court. Pa.R.A.P. 1925(b)(1), (4)(ii). Compliance with the requirements of Rule 1925(b) is mandatory. **See Commonwealth v. Parrish**, 224 A.3d 682, 692 (Pa. 2020). It is well established that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

The record reflects that the trial court served Jackson with the Rule 1925(b) order by first class mail and the order recited all required information, including that the failure to include all issues to be raised on appeal will result in waiver. **See** Docket Entry 9, 8/11/2015; **see also** Order to File Concise Statement, 8/11/2025. As Jackson has failed to file a Rule 1925(b) statement,

she has failed to preserve any issues for review.[2]  Accordingly, she is not entitled to relief.

Judgment of sentence affirmed.


Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/24/2026

_____

[2]  Additionally, we note that Jackson's three-page appellate brief fails to comply with numerous briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure, including Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and the standard of review) and Pa.Rs.A.P. 2111(a)(4) and 2116 (statement of the questions involved).  Additionally, Jackson's statement of the case (Pa.R.A.P. 2111(a)(5) and 2117) and argument (Pa.R.A.P. 2119) are entirely underdeveloped.  Indeed, the argument section of her brief is a short, five-sentence paragraph.  We could therefore also find waiver of all issues on this basis.  ***See Commonwealth v. Perez***, 93 A.3d 829, 837, 838 (Pa. 2014) (stating compliance with the "briefing requirements scrupulously delineated in our appellate rules" is "mandatory"); ***see also Commonwealth v. Bradley***, 232 A.3d 747, 756 (Pa. Super. 2020) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").